# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| SUZETTE R. CURRY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:18-CV-279-WCL- PRC |
| | ) | |
| KRISTIN J. ZEEDYK, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte* regarding Plaintiff's Complaint [DE 1]. The Court has an ongoing duty to police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

On September 7, 2018, Plaintiff filed her Complaint, alleging that the District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and the defendant and an amount in controversy that exceeds $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Though the amount in controversy is sufficiently pled, the Complaint does not sufficiently allege the citizenship of the parties. The caption of the Complaint includes an address below the name of the Plaintiff and of the Defendant. Paragraph 5 states only that the parties "are citizens of different states." However, there is no allegation in the Complaint as to the state of citizenship of each party.

Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Plaintiff must allege her domicile and Defendant's domicile.

Accordingly, the Court hereby **ORDERS** Plaintiff to **FILE** with this Court **on or before October 10, 2018**, a supplemental jurisdictional statement clarifying Plaintiff's and Defendant's citizenship under 28 U.S.C. § 1332(c)(2) as set forth in this Opinion.

SO ORDERED this 12th day of September, 2018.

> s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT